# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 2, 2010

Lyle W. Cayce
Clerk

No. 09-40862
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO PEREZ-LUNA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-1643-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to illegal presence in the United States following deportation, Antonio Perez-Luna was sentenced to 46 months in prison, which was within the applicable guidelines range. On appeal, he argues that the district court committed procedural error by failing to address his arguments for a lesser sentence and that the sentence imposed was substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007). The requirement that the district court explain its sentence may be satisfied if the district court listens to arguments and indicates that a sentence within the guidelines range is appropriate. *Id.* at 357-59. Here, the district court heard counsel's arguments for a lesser sentence and stated that a sentence within the applicable guidelines range satisfied the factors of 18 U.S.C. § 3553(a). *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).

Perez-Luna suggests that his sentence is substantively unreasonable in light of his family ties, his lengthy residence in the United States, and his benign reasons for returning to the country. "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Although Perez-Luna contends that this court should not apply the presumption of reasonableness because the 16-level enhancement authorized under U.S.S.G. § 2L1.2 is not empirically based, we have rejected such a contention. *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51. We conclude there is "no reason to disturb" the presumption of reasonableness in this case." *See Rodriguez*, 523 F.3d at 526. Consequently, the judgment of the district court is AFFIRMED.